**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-1415**

─────────────

MICHELLE MARIE DARLING,

　　　　　Plaintiff – Appellant,

　　v.

DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

　　　　　Defendant – Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:23-cv-06292-MGL)

─────────────

Submitted:  January 20, 2026　　　　　　　　　Decided:  February 19, 2026

─────────────

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**　Brad Banias, BANIAS LAW, LLC, Charleston, South Carolina, for Appellant.  Brett A. Shumate, Assistant Attorney General, Anthony P. Nicastro, Acting Director, Glenn M. Girdharry, Acting Deputy Director, William C. Silvis, Assistant Director, Cara E. Alsterberg, Senior Litigation Counsel, Daniel R. Schutrum-Boward, General Litigation and Appeals Section, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the late 1990s, United States Citizenship & Immigration Services ("USCIS") granted Michelle Darling's application for lawful permanent resident ("LPR") status, but later rescinded that decision. As a result, Darling applied for adjustment of status, seeking LPR status based on her long-term residence in the United States. USCIS tarried, so Darling filed the underlying complaint to compel a decision. When USCIS denied Darling's application for adjustment of status, she amended her complaint to allege that USCIS's denial of her application was unconstitutionally retaliatory and unsupported by substantial evidence. Concluding that federal courts lack jurisdiction over the sorts of claims Darling raised, the district court dismissed her complaint in its entirety.

For the reasons that follow, we affirm the district court's dismissal of her complaint.[*]

I.

In 1994, Darling, a citizen and national of Jamaica, married her first husband in Jamaica. Following their split, she emigrated to the United States.

---

[*]  The Government asks this Court to dismiss this appeal *and* affirm the district court's judgment. We need only affirm. If this Court recognizes sua sponte that federal courts lack jurisdiction, the appeal must be dismissed, whereas if this Court is reviewing a district court's determination that federal courts lack jurisdiction, this Court affirms that dismissal. *Compare Shaiban v. Jaddou*, 97 F.4th 263, 268 (4th Cir. 2024) (dismissing the appeal where the district court did not address jurisdiction and this Court sua sponte considered that issue), *with Lee v. USCIS*, 592 F.3d 612, 621 (4th Cir. 2010) (affirming the district court's dismissal of a lawsuit based on a lack of jurisdiction). Because we conclude that the district court correctly dismissed Darling's complaint for lack of jurisdiction in federal courts, we affirm its dismissal.

2

When she arrived here, Darling met a man who would become her second husband and married him in the United States in 1997. Afterward, the pair sought advice from an immigration attorney, who informed Darling that she did not need to disclose her earlier Jamaican marriage to USCIS because it was not valid for United States immigration purposes.

Based on that advice, Darling omitted her first marriage from her application for LPR status. USCIS granted that application in 1999.

Darling and her second husband eventually separated, and she sought to marry her third husband. At that point, she learned that her first marriage was never legally terminated. So, she ended her first marriage through divorce and her second marriage through an annulment. The third marriage took place in 2004, but the pair divorced three years later.

In 2013, Darling applied to become a naturalized citizen and disclosed her entire marital history. At her interview with USCIS, Darling explained the bad legal advice provided by her immigration attorney about her first marriage, her subsequent divorces and annulments, and the existence of criminal charges against her. USCIS denied her application because her second marriage—which was the basis for her LPR status (and which, in turn, was necessary to eventually convert her status to naturalized citizen)—was *void ab initio* following the annulment.

To remedy this oversight, one of Darling's children, a United States citizen, petitioned for a visa on her behalf. Contemporaneously, Darling applied for adjustment of

3

status. USCIS denied her child's petition, but did not issue a decision on Darling's application.

Years went by and, in 2022, Darling re-applied for naturalization. USCIS denied her application, citing the annulment of her second marriage.

Despite USCIS denying her child's petition and her application for naturalization, USCIS still had not issued a decision as to her application for adjustment of status. To expedite that process, she sued USCIS in December 2023, alleging that it had impermissibly delayed issuing a decision.

USCIS assigned Darling's case to an adjudicator, Laura Haynie. According to Darling, Haynie scheduled an interview and was hostile throughout the discussion, accusing Darling of lying on her original application and ignoring her explanation that she relied on advice of counsel.

After the interview, Haynie issued a notice of intent to deny Darling's application for an adjustment of status, providing 33 days for Haynie to disprove that she lied on her original application. USCIS subsequently re-issued the notice of intent to deny as a request for evidence. Darling responded to that notice in a timely manner, but USCIS ultimately denied Darling's application.

At that point, Darling amended her complaint to allege that USCIS's denial was unconstitutional retaliation and that it otherwise acted in an arbitrary and capricious manner.

USCIS moved to dismiss Darling's complaint for lack of subject matter jurisdiction. The district court granted that motion, concluding that it lacked jurisdiction to review

4

USCIS's discretionary denial of Darling's application under 8 U.S.C. § 1252(a)(2)(B). It further found that Darling could not overcome the jurisdictional bar by couching her claims as constitutional violations because § 1252 only permits judicial review when, unlike here, such violations arise on a petition for review.

Darling timely appealed. The parties dispute whether this Court—or, indeed, any federal court—has jurisdiction under 8 U.S.C. § 1252(a)(2).

II.

It is axiomatic that "federal courts are courts of limited jurisdiction." *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 28 (2025). "We determine *de novo* whether we have jurisdiction." *Shaiban*, 97 F.4th at 265.

In general, 8 U.S.C. § 1252(a)(2) governs federal courts' jurisdiction over agency determinations on various forms of relief available to non-citizens. Relevant here, subsection (B) provides as follows:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i)     any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii)    any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . . other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Subparagraph (D), in turn, provides that § 1252(a)(2)(B) shall not be "construed as precluding review of constitutional claims or questions of law raised

upon a petition for review filed with an appropriate court of appeals." The line of demarcation is thus clear: federal courts, like this Court, cannot review questions of fact but can review questions of law.

Based on that statutory language, Darling raises two questions: (1) does § 1252(a)(2)(B)(i) apply to claims based on agency actions outside of the removal context, and (2) does she present a constitutional claim that federal courts may review under § 1252(a)(2)(D)? We take these issues in turn below.

A.

As to the first issue, Darling argues that this Court has jurisdiction to review USCIS's denial of her application for adjustment of status because it arises outside of the removal context. But that argument is squarely foreclosed by recent precedent.

In *Shaiban v. Jaddou*, 97 F.4th 263 (4th Cir. 2024), this Court addressed "whether § 1252(a)(2)(B)(ii) strips [us] of jurisdiction to review the denial relief Shaiban requests, adjustment of status under 8 U.S.C. § 1159(b)" arising outside of the removal context. *Id.* at 265. Turning first to the statutory text, the Court noted that § 1159(b) "is explicit that it is in the discretion of the Attorney General whether to grant an adjustment of status." *Id.* at 266. Because § 1252(a)(2) forecloses judicial review of discretionary determinations, we held that "Congress did not intend judicial review of a claim like Shaiban's." *Id.*

To support that conclusion, this Court looked to *Patel v. Garland*, 596 U.S. 328 (2022). There, the Supreme Court held that § 1252(a)(2) forecloses judicial review of "'any and all decisions relating to the granting or denying of discretionary relief,'" which included "'factual findings,'" because "the word 'any' has an expansive meaning, and

6

'regarding' likewise has a 'broadening effect.'" *Shaiban*, 97 F.4th at 266 (quoting *Patel*, 596 U.S. at 337, 339). But this Court recognized that *Patel* presented a slightly different issue, as it "dealt with a case in removal proceedings and explicitly declined to resolve the question presented [in *Shaiban*]": whether federal courts have jurisdiction over "a decision made outside the removal context." *Id.* at 266–67.

In the end, this Court concluded that "the Supreme Court . . . signaled" that *Patel* applies with equal force outside of the removal context. *Id.* at 267. In *Patel* itself, the Supreme Court noted in dicta the "possib[ility] that Congress did, in fact, intend to close th[e] door" on a federal court's ability to review discretionary decisions outside of the removal context. *Patel*, 596 U.S. at 345. It reasoned that "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 346 (citing *Lee v. USCIS*, 592 F.3d 612, 620 (4th Cir. 2010)). And this Court has since recognized that the statute itself says as much. *Shaiban*, 97 F.4th at 267; *see* 8 U.S.C. § 1252(a)(2)(B) (foreclosing judicial review "regardless of whether the judgment, decision, or action is made in removal proceedings").

In short, *Shaiban* makes plain that this Court does not have jurisdiction to review discretionary determinations, even if they do not arise in the removal context. Yet Darling asks us to do exactly that. Her adjustment of status application arises under 8 U.S.C. § 1255(a), which Congress expressly placed within the jurisdictional bar's ambit. *See* 8 U.S.C. § 1252(a)(2)(B)(i). And as explained above, the fact that her claim arises outside of the removal context does vitiate application of that jurisdictional bar.

7

So in line with *Shaiban*, we conclude that federal courts may not review USCIS's denial of Darling's adjustment of status application.

B.

Darling's next argument fares no better. Although she contends that this Court has jurisdiction to review her constitutional claims, this Court has already rejected that argument in binding precedent.

Recall that § 1252(a)(2)(D) permits review of constitutional claims of questions of law "raised upon a petition for review filed with an appropriate court of appeals." In *Lee v. USCIS*, 592 F.3d 612 (4th Cir. 2010), this Court concluded that the statute did "not give Lee a jurisdictional bootstrap into district court" because it limits jurisdiction to issues raised in a petition for review. *Id.* at 620. Rather, Congress has only permitted "judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status . . . [that is] raised to the court of appeals *during removal proceedings*." *Id.*; *see Shaiban*, 97 F.4th at 265 n.* ("[B]ecause Shaiban is not in removal proceedings and not asking this Court to review a final removal order, [§ 1252(a)(2)(D)] is not applicable[.]").

As was true in *Lee*, Darling brings a direct appeal—not a petition for review. So in line with *Lee*, neither the district court nor this Court has jurisdiction to review her constitutional claims. And to the extent she asks this Court to ignore or subvert its precedent because dismissal leaves her with no recourse, we reiterate the maxim that "'no amount of policy-talk can overcome . . . plain statutory' text." *Shaiban*, 97 F.4th at 266 (quoting *Niz-Chavez v. Garland*, 593 U.S. 155, 171 (2021)).

8

Consequently, we conclude that federal courts also lack jurisdiction to review Darling's constitutional claims.

### III.

This Court's precedent forecloses Darling's argument that federal courts have jurisdiction over USCIS's denial of her adjustment of status application and her related constitutional claims. Accordingly, we affirm the district court's dismissal of Darling's complaint for lack of jurisdiction.

*AFFIRMED*